IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FERNANDO HERNANDEZ, #1666847** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-1391-O-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

### I.  BACKGROUND

Petitioner was convicted of possession of a controlled substance with intent to deliver and possession of marijuana and was sentenced to 15- and 5-year terms of imprisonment, respectively. *State v. Hernandez*, Nos. F-08-34206-K and F-08-34207-K (Criminal District Court No. 4, Dallas County, Aug. 30, 2010), *aff'd*, Nos. 05–10–01379–CR, 05–10–01380–CR. (Tex. App. - Dallas, 2012 pet. ref'd). He did not seek state habeas relief. In this timely federal petition, Petitioner challenges the search warrant affidavit, the Texas good-time parole eligibility and mandatory supervision statutes, the state court's ruling denying his motion to suppress, and the denial of a presumptive parole date. (Doc. 3 at 6-7). Respondent argues the claims are not cognizable on federal habeas review. (Doc. 11). Petitioner has not filed a reply.[1]

---

[1] Even though the second and fourth claims are unexhausted (Doc. 11 at 3), the Court can deny them. 28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005) (a habeas court may deny, but it cannot grant, a claim that was not exhausted in state court).

## II. ANALYSIS

In his first and third claims, Petitioner contends the search warrant issued in connection with his case was unlawful and that the state court's determination of this claim was unreasonable. (Doc. 3 at 6-7).  Fourth Amendment claims, however, are barred from federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494 (1976), if the petitioner had a full and fair opportunity to litigate his claims.  *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoted case omitted) (interpreting "'opportunity for full and fair litigation' to mean just that: 'an opportunity'").  As Respondent correctly notes, Petitioner had the opportunity to challenge the validity of the search warrant affidavit during his state trial.  Indeed, his attorney unsuccessfully pursued a motion to suppress on Fourth Amendment grounds in the trial court.  The state court of appeals subsequently affirmed the denial of the motion to suppress evidence.  Because Petitioner was not foreclosed from litigating any of his Fourth Amendment claims in state court, this Court may not review them.

Likewise, Petitioner's constitutional challenge to Texas' good-time parole eligibility statute and the denial of a presumptive parole date are not cognizable on habeas review.  (Doc. 3 at 6, claims 2 and 4).  Broad-based challenges to parole procedures are properly brought in a civil rights suit under 42 U.S.C. § 1983, not a habeas corpus action.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (Section "1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner."); *cf. Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987) (inmate was not required to pursue his section 1983 challenge to Texas Parole Board procedures and rules through habeas corpus where "[v]ictory on his § 1983 claims would not entitle any member of [the inmate's] proposed classes to automatic release").  The petition *sub judice* does not allege that Petitioner

would be automatically entitled to accelerated release if the Parole Board was required to analyze the parole suitability criteria created by the Legislature in a different way, thus, the claims asserted therein must be pursued in Section 1983 rather than habeas action.  Moreover, because Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole, *see Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas), he fails to raise a constitutional violation.  *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED January 16, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE